UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION



| | |
|---|---|
| ALONZO TISDALE ) | JURY TRIAL DEMANDED |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. **1:23CV00422 RP** |
| ) | |
| MIDLAND CREDIT ) | |
| MANAGEMENT, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Alonzo Tisdale, an individual consumer, against Defendant, Midland Credit Management, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.   JURISDICTION AND VENUE

2. Jurisdiction of the court arises under the FDCPA 15 U.S.C § 1692k(d), 28 U.S.C 1331. Venue in the District is proper in that the Defendants transact business in Williamson County, Texas, and the conduct complained of occurred in Williamson County, Texas.

3. This court has jurisdiction of the federal claim under 15 U.S.C § 1692k(d) and 1681(p).

4. Venue is proper because Plaintiff resides here, the acts and or transactions occurred here, and Midland Credit Management, Inc. transact business here.

### III.   PARTIES

5. Plaintiff Alonzo Tisdale (hereinafter "Plaintiff") is a natural person currently residing in Williamson County, Texas.

6. Defendant, Midland Credit Management, Inc., is a foreign corporation which is authorized to do business in Texas. Midland Credit Management, Inc has a filing number of 20170046 since March 6, 2017. Service may be completed on the following registered agent:
   Corporation Service Company D/B/A CSC- Lawyers Incorporated
   211 E. 7th Street, Suite # 620
   Austin, TX  78701

## IV.  FACTS OF THE COMPLAINT

7. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.
8. Plaintiff incurred an alleged debt for goods and services used for personal, family, or household purposes, originally relating to Capital One Bank. ("Alleged Debt")
9. The Alleged Debt is a ("debt") as that term is defined by §1692a(5) of the FDCPA.
10. This Alleged Debt at some point went into default.
11. The Alleged Debt was subsequently acquired by Midland sometime thereafter.
12. Midland, in its normal course of business routinely collects and attempts to collect defaulted consumer debts using the telephone and mail.
13. Midland is a "debt collector" as that term is defined by 15 U.S.C §1692a(6) of the FDCPA.
14. On or about February 14th, 2023, Plaintiff began receiving phone calls from the Defendant attempting to collect an alleged debt from Capital One in the amount of $2,466.69.92
15. On February 14th, 2023, Plaintiff stated "First of all, I'm not sure what you're talking about. What account you're talking about. And two, I'm at work so now is really not a good time for me talk right now." Defendant responded, "okay, well these calls I'll tell ya don't always come at the right times for sure." Defendant went on attempting to verify name, date of birth, and address. Defendant, then proceeded to threaten me with wage garnishment and legal actions for the next 3 minutes. The time of this phone call occurred on or about 1:32 pm in violation of 15 U.S.C. 1692c(a)(1) and 15 U.S.C. 1692c(a)(3).
16. On or about February 21st, 2023 I received another call from the Defendant threatening legal action and wage garnishments again.          "Plaintiff stated, "OK so, just a second, because I think that you called me before, right? And we spoke." Defendants Representative "Lori" Stated "I did. Yeah. Yep!" Plaintiff stated "And I think that I told you that I can't have calls while I'm at work. Defendant responded by saying "Is there a reason you have not contacted me?" Plaintiff replied, "Because I have been working." Defendant again went on trying to verify information and continue to tell the Plaintiff that the account will be going to an attorney if no agreement is reached. In addition to a wage garnishment may happen depending on the laws of my state. This continued for quite some time before the call finally ended. The time of this phone call occurred on or about 10:45 am in violation of 15 U.S.C. 1692c(a)(1) and 15 U.S.C. 1692c(a)(3).
17. On or about March 1st, 2023 Plaintiff stated "Lori, again, you always call me while I'm at work". Defendant "Well unfortunately, yeah I know, I know. But I left it up to you too. We sent letters, called you a few times, and you have not reached out to us. Ok. So what can we do on this call to make this possible, you won't have to have any more phone calls. And we can get you set up on a payment arrangement. So again, is this something you want to take care of?"
18. Plaintiff "Lori, first I haven't received any letters form you, and second I'm still at work about to go into a meeting in about ten minutes." Defendant went on another 2 minutes saying they sent out a collection letter, a marketing letter, a payment arrangement of $25 biweekly and contact number again. Defendant goes on to state if it goes to an attorney that Plaintiff is looking at a possible wage garnishment and bank levy or lien on property if I own any. The time of this phone call occurred on or about 12:49 pm in violation of 15 U.S.C. 1692c(a)(1) and 15 U.S.C. 1692c(a)(3).
19. Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, decreased ability to focus on task while at work, frustration, amongst other negative emotions, as

well as suffering from unjustified abusive invasions of personal privacy.
20. Plaintiff was eventually terminated from his contract due to the consistent harassment during working hours, and thereby suffered a loss of revenue due to the acts of the Defendant.

### V. FIRST CLAIM FOR RELIEF
### (Defendant Midland Credit Management, Inc.)
### 15 U.S.C § 1692c(a)(1)

21. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set herein.
22. Debt Collector violated the FDCPA.
23. The Debt Collector's violations include but are not limited to the following:
    The Debt Collector violated 15 U.S.C. § 1692c(a)(1) of the FDCPA by intentionally communicating in connection with a collection of a debt from Plaintiff at a time and place known by the Defendant to be inconvenient to Plaintiff.

### VI. SECOND CLAIM FOR RELIEF
### (Defendant Midland Credit Management, Inc)
### Violations of 15 U.S.C. §1692c(a)(3)

24. Plaintiff re-alleges and incorporates by reference all other paragraphs of this Petition as if fully stated herein.
25. Debt Collector violated the FDCPA.
26. The Debt Collector's violations include but are not limited to the following:
27. The Debt Collector violated 15 U.S.C. § 1692c(a)(3) of the FDCPA by intentionally communicating in connection with a collection of a debt from Plaintiff at Plaintiff's employment after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving such communications.
28. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff actual damages, statutory damages, and cost.

### VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Alonzo Tisdale, respectfully demands a jury trial and requests that judgement be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;
B. Actual damages pursuant to 15 U.S.C 1692k(1)(2)
C. Statutory damages pursuant to 15 U.S.C 1692k(2)
D. Cost pursuant to 15 U.S.C 1692k(3)
E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

_____
Alonzo Tisdale

417 Riverdale Dr
Jarrell, TX 76537
469-728-4128
alonzotisdale0@gmail.com

2